PS-8
8/88



# UNITED STATES DISTRICT COURT
## for
## EASTERN DISTRICT OF NORTH CAROLINA
## EASTERN DIVISION

U.S.A. vs. Omar M. Nijim             Docket No. 4:11-CR-12-5H

### Sealed Petition for Action on Conditions of Pretrial Release

COMES NOW Scott Plaster, probation officer of the court, presenting an official report upon the conduct of defendant, Omar M. Nijim, who after initially being arrested and released in the Eastern District of New York and placed under pretrial release supervision on March 8, 2011, appeared before the Honorable James E. Gates, U.S. Magistrate Judge, sitting in the Court at Raleigh, NC, on the 25th day of March, 2011, and was continued on supervision under the following conditions previously imposed:

- The defendant is placed in the custody of his father.

- Report to the probation office or supervising officer as directed.

- Surrender any passport to the United States Probation Office.

- Obtain no passport.

- Abide by the following restrictions on personal association, place of abode, or travel: Eastern District of New York, with travel to the Eastern District of North Carolina for court purposes.

- Submit to home detention with electronic monitoring with the following conditions: medical emergencies, court appearances, and attorney visits.

On April 28, 2011, the defendant's attorney returned to court with a request to modify the conditions of pretrial release. The defendant sought the removal or modification of the conditions that subjected him to home detention with electronic monitoring. On April 29, 2011, U.S. Magistrate Judge Gates modified the conditions of pretrial release as follows:

- Defendant shall no longer be subject to home detention.

- In lieu of home confinement, the defendant shall be subject to a curfew. Specifically, he shall be restricted to his residence during a specified period of every day as directed by the pretrial services officer or supervising officer in the Eastern District of New York.

- The Probation Office in this district shall confer with the Probation Office in the Eastern District of New York to ensure that all reasonably necessary measures consistent with the conditions of defendant's release are taken to help ensure his timely appearance for arraignment, trial, and all other proceedings in this case, including the requirement of itineraries for travel by defendant to and from New York. The Probation Office in this district shall also, of course, be responsible for appropriate supervision of defendant while he is in this district.

- The conditions of release imposed by this court, as set forth in the Release Order adopted by this court, remain in full force and effect. In particular, this court continues to require that the defendant be subject to electronic monitoring.

The defendant appeared before the Honorable David W. Daniel, U.S. Magistrate Judge, on July 7, 2011, for arraignment, at which time he was released with the same terms and conditions as previously imposed by this court pending trial.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

On August 25, 2011, the defendant contacted the pretrial services office in New York and advised the officer that the electricity at his residence was out. The location monitoring equipment has been unable to communicate with the monitoring center since that date. On August 26, 2011, New York City officials issued notices to residents in specific areas to evacuate due to the pending arrival of Hurricane Irene to the New York City area. The defendant's residence, located at 457 Victory Blvd., Apartment 5B, Staten Island, New York, was not located in an evacuation zone. The hurricane was expected to affect the New York City area on August 27, 2011. The defendant left a voice mail message for the probation office on the location monitoring messaging system on August 27, 2011, stating he was leaving his residence due to the "state of emergency" and was going to stay with his uncle in Westlake, Ohio; however, the defendant also stated he left New York City via Greyhound bus on August 26, 2011. The defendant left the location monitoring equipment behind when he left his residence.

On August 30, 2011, U.S. Probation Officer Anna Lee attempted to make contact with the defendant at his residence, but there was no one home. The probation officer has attempted to make contact with the defendant via telephone on several occasions, but the defendant has not answered his phone. Messages have been left on the defendant's voice mail, and the defendant has responded by leaving messages on the location monitoring voice messaging system in New York rather than contacting his probation officer directly. On the same day that Officer Lee attempted to contact the defendant at his residence, she also left a message on his voice mail instructing him to return to his home immediately and also seeking an explanation for why he left his residence since the defendant does not live in one of the evacuation zones. The defendant responded by leaving a message on the location monitoring message system stating he evacuated because his residence was in an evacuation zone (Zone A), and he did not know of any nearby shelters, thus leaving to stay with family in Ohio. He also said he would return to New York City as soon as possible.

Omar M. Nijim
Docket No. 4:11-CR-12-5H
Petition For Action
Page 3

On August 31, 2011, Officer Lee called the defendant's cell phone and left a message since the defendant did not answer his phone. The message left advised the defendant that returning to New York City "as soon as possible" was not acceptable. The defendant responded by leaving an additional message on the messaging system stating he was leaving Ohio on this date and would be back in New York City that night.

On September 1, 2011, the Eastern District of New York probation office was contacted, and the undersigned officer was told their attempts to contact the defendant in order to confirm his return to New York have been unsuccessful. The defendant has also failed to contact the probation office. As a result, his actual whereabouts are unknown.

The defendant has violated the conditions of his release by not remaining at his residence under a curfew with electronic monitoring unless otherwise specified by the supervising officer, by not providing an itinerary to the supervising officer prior to his travel, by traveling outside the Eastern District of New York, and by not reporting to the supervising officer as directed. His current whereabouts remain unknown at this time.

**PRAYING THAT THE COURT WILL ORDER** a show cause hearing for Wednesday, September 7, 2011, at 10:00 a.m., at the United States Courthouse, 201 Evans Street, Greenville, NC 27858.

| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| /s/Jeffrey L. Keller | /s/Scott Plaster |
| Jeffrey L. Keller | Scott Plaster |
| Supervising U.S. Probation Officer | U.S. Probation Officer |
| | 310 New Bern Avenue, Room 610 |
| | Raleigh, NC 27601-1441 |
| | Phone: (919) 861-8660 |
| | Executed On: September 1, 2011 |

### ORDER OF COURT

**IT IS HEREBY ORDERED** that Omar M. Nijim appear before the court on Wednesday, September 7, 2011, at 10:00 a.m., at the United States Courthouse, 201 Evans Street, Greenville, NC 27858, and show cause why the pretrial conditions previously imposed should not be revoked and the defendant detained pending trial.

Malcolm J. Howard
Senior U.S. District Judge

Signed: September 2, 2011